IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DANA HOMESLEY,<br><br>                Plaintiff,<br><br>vs.<br><br>ANNE MARIE GREEN, in her official and individual capacities and<br>LEXINGTON COUNTY SCHOOL DISTRICT 1 BOARD OF TRUSTEES,<br><br>                Defendants. | CA NO.   3:24-cv-00606-MGL<br><br>**COMPLAINT**<br><br>**(Jury trial requested)** |

THE PLAINTIFF complaining of the Defendants would respectfully show unto the Court as follows:

### INTRODUCTION

1. This is an action for money damages and declaratory relief brought under 42 U.S.C. §§ 1983 and 1988, the First Amendment to the United States Constitution, and under the law of the State of South Carolina, against Anne Marie Green (Defendant Green) and Lexington County School District 1 Board of Trustees (Defendant School Board).

2. Plaintiff alleges that Defendants prevented her from speaking at a Lexington County School District 1 School Board meeting on or about November 16, 2021. Plaintiff alleges that her Constitutional rights were violated, the violation was committed as a result of the policies and customs of Defendant School Board, and that Defendant Green is liable under the theory of viewpoint discrimination.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. § 1331 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Venue lies in the United States District Court for the District of South Carolina because the events giving rise to Plaintiff's claims occurred in South Carolina. 28 U.S.C. § 1391(b)(2).

5. The Columbia Division is the proper division for this action, as the events complained of herein occurred in Lexington County, South Carolina.

## PARTIES

6. Plaintiff Dana Homesley is an adult citizens and resident of Lexington County, South Carolina, and has children that attend Lexington School District 1 schools.

7. Defendant Green is, upon information and belief, a citizen of the United States of America, State of South Carolina, and a resident of Lexington County. At all times relevant herein, Green was the Chair of the Lexington County School District 1 Board of Trustees and therefore the head of the Board, which is part of Lexington County School District 1. Green is a "person" as that term is defined in relation to 42 U.S.C. § 1983. She is sued herein for her acts individually and in her official capacity as the Chair of the Lexington County School District 1 Board of Trustees.

8. Defendant School Board is an authorized political subdivision of the State of South Carolina, indistinguishable from the County of Lexington County, State of South Carolina, that is statutorily liable, both directly and vicariously, for the acts of the individual Defendant and the damages to Plaintiff under the South Carolina State Tort Claims Act,

S.C. Code § 15-78-10 et seq., and which is also liable pursuant to 42 U.S.C. § 1981 and 1983 for the damages suffered by Plaintiff due to its supervisory indifference and/or tacit authorization of the misconduct of its agents as detailed herein.

## BACKGROUND

9. Defendant Green and Defendant School Board conduct school board meetings that are open to the public and that set aside time for "citizens participation" where the public can address Defendant School Board and speak in a public forum.

10. On or about November 16, 2021, Defendant School Board maintained a policy, custom, habit, and/or practice regarding citizens participation at its public meetings that prevented citizen speakers from referring to specific individuals involved with Lexington School District 1.

11. This policy, custom, habit, and/or practice was enforced by Defendant Green and Defendant School Board when speakers were speaking critically about individuals, but it was not enforced when speakers were speaking positively about individuals.

12. On or about July of 2021, Plaintiff sent a FOIA request for emails of board members of Defendant School Board. Plaintiff received emails responsive to her request on or about September of 2021.

13. One of the emails Plaintiff received (The Email) dated June 24, 2021, was written by Jada Garris, who served on Lexington School District 1's Board of Trustees at the time. In the email, Ms. Garris addresses Defendant Green and requests that Ms. Garris's June 21, 2021 email she sent to the district's CFO and CEO, Mr. Salters, be added to the meeting minutes of Defendant School Board's July 20, 2021 agenda.

14. Defendant School Board repeatedly did not add Ms. Garris's June 21, 2021 email to the

agenda despite S.C. Code Ann. Section 30-4-90(a)(4), which says "[a]ll public bodies shall keep written minutes of all their public meetings. Such minutes shall include but need not be limited to (4) [a]ny other information that any member of the public body requests be included or reflected in the minutes."

15. Ms. Garris, as a board member of Defendant School Board, was a member of a public body.

16. The June 21, 2021 email was ultimately added to Defendant School Board's agenda on or about January of 2022.

17. The content of The Email also included Ms. Garris's discontent over superintendent Dr. Little merging the roles of CFO and CEO for Lexington County School District 1 and regarding projects stemming from a $365 million bond referendum that were, according to her, over budget and behind schedule.

18. On or about November 16, 2021, Plaintiff participated in the citizens participation portion of Defendant School Board's meeting and read out loud The Email, which she received in response to her FOIA request to Lexington School District 1. While Plaintiff was reading, Defendant Green interrupted her and told her that she is not to speak about staff or students and ultimately asked her to sit down, cutting her time to speak short and preventing her from reading the email into the record at Defendant School Board's meeting.

19. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of her constitutional protections under the First Amendment to the United States Constitution to be free in the exercise of speech.

20. Defendants opened a forum for public speech for the exchange of ideas, opinions, and thoughts by creating citizens participation time at Defendant School Board's meetings.

21. The citizens participation time at Defendant School Board's meetings is and was at the time a traditional public forum of speech.

22. At the meeting, Plaintiff did not use any foul language, threats, obscene comments, or other unacceptable comments. Instead, Plaintiff read an email written by one of Defendant School Board's board members to Defendant Green and others about issues relevant to and critical of Lexington County School District 1.

23. The actions of the Defendants violated the following clearly established and well-settled federal constitutional protections of Plaintiff:

    a. Freedom from viewpoint discrimination in all forums.

24. With deliberate indifference to the rights of Plaintiff to be free from retaliation for exercising her First Amendment protections, Defendant Green and Defendant School Board have ongoingly encouraged, tolerated, ratified, and acquiesced to an environment of retaliation to the exercise of such rights by:

    a. failing to conduct sufficient training or supervision with respect to the protected speech rights of citizens to question the actions of government conduct without retaliation;

    b. by failing to adequately punish retaliation by employees against members of the public who exercise their protected speech rights to object to government conduct or express opinions the government does not share;

    c. by tolerating the use of retaliation based on protected speech;

    d. and by ongoingly failing to properly investigate citizens complaints of retaliation for exercising their First Amendment Protections.

25. It is the deliberately indifferent custom, habit, practice, and/or policy of Defendant Green and Defendant School Board to permit retaliation against individuals for exercising First Amendment protections, as well as to fail to supervise and to train employees in the constitutional protections of individuals.

26. At all relevant times, Defendant Green was acting under color of law and under color of authority as the Chair of the Lexington County School District 1 School Board in the U.S. state of South Carolina, county of Lexington.

27. At all relevant times, Defendant School Board was acting under color of law and under color of authority as an authorized political subdivision of the State of South Carolina, indistinguishable from the County of Lexington County, State of South Carolina.

### FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Retaliation in Violation of the First Amendment
### (As to Defendant Anne Marie Green)

28. Plaintiff restates and realleges all of the previous paragraphs as if restated herein verbatim.

29. 42 U.S.C. § 1983 provides that:

    Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

30. Plaintiff in this action is a citizens of the United States and Defendant Green is a person for purposes of 42 U.S.C. § 1983.

31. Defendant Green was, at all times relevant, a policymaker for Defendant School Board and in that capacity established policies procedures, customs, and/or practices for Defendant School Board. At all times relevant herein, she was acting under the color of state law in her capacity as the Chair of Defendant School Board and her acts or omissions were conducted within the scope of her official duties or employment.

32. At the time of the complained of event, Plaintiff had the clearly established constitutional protections to be free from retaliation for the exercise of protected speech.

33. Any reasonable board of trustees chair such as Defendant Green knew or should have

known of this right at the time of the complained of conduct as it was clearly established at that time.

34. Plaintiff exercised her constitutionally protected right to question the conduct of the government and/or engaged in protected speech in a public forum.

35. Retaliatory animus for Plaintiff's exercise of her constitutionally protected right to question the conduct of government arms controlled in part by Defendant Green was a substantially motivating factor in the suppression of Plaintiff's speech at the November 16, 2021 school board meeting.

36. The actions taken against Plaintiff in retaliation for her protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct at school board meetings.

37. Defendant Green suppressed Plaintiff's speech as a means of retaliation for the content of Plaintiff's protected speech. She is therefore liable for violating Plaintiff's First Amendment protections.

38. Defendant Green is not entitled to qualified immunity for the complained of conduct.

**FOR A SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the First Amendment**
**(Against all Defendants)**

39. Plaintiff restates and realleges all previous paragraphs as if they are restated herein verbatim.

40. At the time of the complained of event, Defendants maintained a written policy, as well as a habit, custom, and/or practice regarding citizens participation at school board meetings that prevented criticism of the government and government officials, in violation of the First Amendment.

41. The 2021 written policy regarding citizens participation at school board meetings was slightly amended on or about December of 2023. The current policy also prevents criticism of the government and government officials, in violation of the First Amendment by preventing reference to specific individuals affiliated with Lexington County School District 1.

42. At the time of the complained of event, Plaintiff had the clearly established constitutional protections to be free from retaliation for the exercise of protected speech.

43. Defendant Green and Defendant School Board knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

44. Defendants are not entitled to qualified immunity for the complained of conduct.

45. Defendant Green and Defendant School Board were, at all times relevant herein, policymakers for Lexington County School District 1 and in that capacity established policies, procedures, customs, and/or practices for the Lexington County School District 1 School Board.

46. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional protections of citizens, which were moving forces behind and proximately caused the violations of the Plaintiff's constitutional protections and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

47. Defendant Green and Defendant School Board have developed and maintained long-standing, department-wide customs, policies, procedures, practices, and/or failed to properly train and/or supervise its employees in a manner amounting to deliberate

indifference to the constitutional protections of Plaintiff and of the public.

48. Furthermore, Defendant Green and Defendant School Board have violated their own policies regarding reference to individuals and staff members in citizens participation by allowing reference to individuals when the reference is positive and disallowing it when the reference is negative.

49. The deliberately indifferent training and supervision provided by Defendant Green and Defendant School Board resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants and were moving forces in the constitutional and federal violations complained of by Plaintiff.

**PRAYER FOR RELIEF**

50. WHEREFORE, Plaintiff respectfully requests the following from this Court:

   a. Award all such actual, general, special, compensatory, and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined by the trier of fact;

   b. Award punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

   c. Issue a declaratory judgment, under 42 U.S.C. § 1983 declaring Defendants' conduct with regard to Plaintiff unconstitutional, declaring Defendant School Board's 2021 policy regarding citizens participation at school board meetings unconstitutional, and declaring Defendant School Board's current policy regarding citizens participation at school board meetings unconstitutional;

   d. Issue a preliminary injunction prohibiting all Defendants and all those acting in concert with them from suppressing speech at school board meetings without procedural due process;

   e. Issue a permanent injunction prohibiting all Defendants and all those acting in concert with them from suppressing speech at school board meetings without procedural due process;

   f. Award Plaintiff reasonable fees and costs pursuant to U.S.C. § 1988 and any other

    applicable provisions of law; and

g. Award such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

**LAW OFFICE OF TYLER RODY, LLC**

S/Tyler Rody
Tyler Rody (Fed. Bar No. 13393)
Attorney for Plaintiff
515 E. Saint John Street
Spartanburg, SC 29302
(864) 381-7969 phone
(864) 670-5636 fax
tyler@rodylaw.com

Spartanburg, SC
February 6, 2024